1  *Proposed and submitted by:*

2  NIXON PEABODY LLP
     Shawn G. Hansen (Cal Bar No. 197033)
3     *shansen@nixonpeabody.com*
   300 So. Grand Avenue, Suite 4100
4  Los Angeles, CA 90071
   Telephone: (213) 629-6000
5  Facsimile: (213) 6296001

6  KIRTON McCONKIE
     Christopher S. Hill (Cal Bar No. 205738)          JS-6
7     *chill@kmclaw.com*
     Shawn T. Richards (*Admitted Pro Hac Vice*)
8     *srichards@kmclaw.com*
   50 East South Temple, Suite 400
9  Salt Lake City, Utah 84111
   Telephone:  (801) 328-3600
10 Facsimile:  (801) 321-4893

11 Attorneys for Plaintiff
   Techmark Software Pty Ltd

12

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| 16  TECHMARK SOFTWARE PTY LTD T/A WOOLICH RACING, an Australian company, | CASE NO.:  8:16-cv-00040-JVS-KES |
| 17 | |
| 18                      Plaintiff, | **FINAL JUDGMENT** |
| 19        v. | |
| 20  FT ECU, INC., a California corporation, and DOES 1 through 10, inclusive, | |
| 21                      Defendants. | |
| 22 | |

23        The Court entered an Order on or about March 20, 2017 (the "Order") denying

24 defendant FT ECU, Inc.'s ("FTECU") Motion to Reopen (the "Motion to Reopen") and

25 its two motions to strike (Dkt # 68-1).  In the Order, the Court denied the Motion to

26 Reopen on the grounds that, among other things, the parties November 3, 2016 Term

27 Sheet agreement (the "Term Sheet") is a binding and enforceable settlement agreement

28 between the parties.  The Court hereby clarifies its intentions consistent with its rulings

                                                         _____

                                    1              [PROPOSED] FINAL JUDGMENT
                                                         4837-2517-7411

1    on the record at the hearing on the Motion to Reopen with respect to the denial of the

2    Motion to Reopen. Namely, the Motion to Reopen is denied with respect to FTECU's

3    request to reopen the case for purposes of litigating the parties' underlying claims.

4    However, pursuant to its inherent authority, the Local Rules and/or the Federal Rules of

5    Civil Procedure (including but not limited to Rule 60(a)), and for the reasons more fully

6    set forth on the record by the parties' counsel and the Court at the March 20, 2017

7    hearing on this matter, the Court does hereby (i) clarify the November 18, 2016 Order of

8    Dismissal Upon Settlement of Case ("Dismissal Order") (Docket # 54) to authorize the

9    reopening of this case for the purpose of entering judgment upon settlement, and (ii)

10    grant the Motion to Reopen in part, but only for the sole and limited purpose of

11    reopening the case to enter a final judgment and dispose of the parties' claims with

12    prejudice, consistent with the Term Sheet.

13         THEREFORE, for the reasons articulated by the Court in the Order and by the

14    Court and by counsel for plaintiff Techmark Software Pty Ltd. T/A Woolich Racing

15    ("Woolich") on the record at the March 20, 2017 hearing, all of which is incorporated

16    herein by reference, and for good cause showing, the Court HEREBY ENTERS FINAL

17    JUDGMENT as follows:

18        (1) This Court has jurisdiction over the parties to this action and over the subject

19            matter hereof pursuant to 28 U.S.C. §§ 1332, 1338, and 1367.

20        (2) Service of process was properly made on the parties.

21        (3) The Term Sheet, executed by Woolich and FTECU on November 3, 2016, is a

22            binding and fully enforceable settlement agreement between the parties.

23        (4) Pursuant to the Term Sheet as stipulated and agreed between the parties and this

24            Final Judgment, each of FTECU and Woolich, including all of their parents,

25            subsidiaries, affiliates, officers, directors, stockholders, employees, agents,

26            representatives, successors, assigns and attorneys, and those persons in active

27            concert or participation with any of them, is permanently enjoined from engaging

28            in any of the following activities either directly or indirectly through a third party:

[PROPOSED] FINAL JUDGMENT
4837-2517-7411

i.     Copying, reverse engineering, duplicating, reproducing, misappropriating, infringing upon, and/or redistributing the software, source code, process, design and/or products belonging to and/or offered by the other party;

ii.    Except as may be authorized by the parties' Term Sheet, accessing, and/or attempting to access, the other party's software, directly and/or indirectly through a third party; and

iii.   Writing any code for the specific purpose of decrypting and/or accessing and/or allowing a third-party to decrypt and/or access the other party's software and/or source code.

(5) This Final Judgment shall be deemed to have been served upon the parties at the time of its execution by the Court.

(6) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Final Judgment and/or the parties' Term Sheet.

(7) This Court shall retain jurisdiction over the parties for the purpose of making further orders necessary or proper for the construction or modification of this Final Judgment and/or the parties' Term Sheet; the enforcement of either of the foregoing; the punishment of any violations of the foregoing, and for the possible entry of a further judgment.

(8) The above-entitled action and all of the claims and/or counterclaims asserted therein, having been fully settled pursuant to the terms of the Term Sheet, and this Final Judgment entered herein, is hereby dismissed with prejudice in its entirety.

**IT IS SO ORDERED.**

Date: March 31, 2017.

_____
Honorable James V. Selna
United States District Judge

3       [PROPOSED] FINAL JUDGMENT

4837-2517-7411